## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC ADVOCATE OF THE UNITED STATES, 4451 Brookfield Corporate Drive Suite 104 Chantilly, VA  20151, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-cv-785 |
| v. | ) ) | |
| CENTERS FOR DISEASE CONTROL AND PREVENTION 1600 Clifton Road Atlanta, GA 30329, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Public Advocate of the United States brings this action against Defendant Centers for Disease Control and Prevention ("CDC") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff is a District of Columbia non-stock corporation with its principal place of business in Chantilly, Virginia.  Plaintiff is organized and operated as a non-profit organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue

1

Code.  Plaintiff seeks to promote social welfare through informing and educating the public about conservative ideas and positions on issues such as pro-life causes, traditional marriage, family values, school prayer, and faith-based initiatives, along with education and litigation to protect the family, traditional values, and civil liberties.

4. Defendant Centers for Disease Control and Prevention is an agency of the United States Government under the Department of Health and Human Services, and is headquartered at 1600 Clifton Road Atlanta, GA 30329.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 3, 2019, Plaintiff submitted a FOIA request, by e-mail, to Defendant. *See* Exhibit A.

6. Plaintiff's request related to the "Start Talking. Stop HIV." video series created by Defendant as part of its 2014 "Acting Against AIDS" campaign.  The video series purported to "focus[] on gay and bisexual men and encourage[] open communication between sex partners and friends about HIV prevention strategies."

7. Plaintiff's request sought "copies of all records relating to the production and distribution of the above-referenced video series, particularly CDC's continued use of or payment for placement of the above-referenced videos as advertisements on YouTube, Facebook, Google, or other social media or conventional platforms, from January 1, 2013 until CDC begins to process this request."

8. Plaintiff's request also sought "records identifying who within CDC, HHS, or the federal government generally, made the decision to continue to use or promote these videos on

these platforms during the Trump presidency, including information on the amount of federal funds that has been used to promote these videos, since January 20, 2017."

9. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's FOIA request within 20 working days.

10. The CDC acknowledged receipt of Plaintiff's FOIA request on October 8, 2019, and assigned it Tracking Number #20-00027-FOIA.  *See* Exhibit B.

11. CDC's acknowledgement letter denied Plaintiff's request for expedited processing, and also denied Plaintiff's request for a fee waiver.

12. On October 25, 2019, CDC sent a further letter to Plaintiff, claiming that, because Plaintiff's request had sought "all records" about a particular, narrowly defined subject, Plaintiff's "request is overly broad" and asking Plaintiff for "clarification regarding the subject matter of the records you seek...."  Exhibit C.

13. CDC's letter asserted that "**If we do not receive a response from you by Thursday, November 14, 2019, we will consider your request withdrawn and it will be closed.**"  Emphasis original.

14. CDC's arbitrarily created deadline of 20 calendar days for Plaintiff to respond was in violation of an HHS regulation which states that "[w]e provide at least 20 working days for you to respond to a request to perfect your request...." 45 C.F.R. § 5.24(b)(2).

15. On October 30, 2019, Plaintiff sent a reply letter to CDC via email (Exhibit D), stating that "[w]e do not believe this request to be overly broad," but "in the interest of resolving this matter and moving our request forward," Plaintiff provided CDC a detailed list of the types of records sought by its request.

16. CDC apparently then accepted Plaintiff's request as adequately described.

17.     On November 19, 2019, CDC sent Plaintiff a cover letter along with an invoice. *See* Exhibits E and F.  The cover letter explained that CDC proposed to charge Plaintiff "5958.00 ... [f]or the [] records to be processed."  Exhibit E.  CDC's accompanying invoice contained a breakdown of the estimated charges.  *See* Exhibit F.

18.     CDC's cover letter further claimed that "**If we have not received a response from you by Tuesday, November 26, 2019, we will consider that you are no longer interested in receiving a response to your request and we will consider your request withdrawn.**"  Exhibit E (emphasis original).

19.     CDC's arbitrarily imposed deadline of seven calendar days for Plaintiff to respond violated HHS regulation, which provides that, "[i]f, in the course of negotiating fees, you do not respond to the agency within 20 working days of our last communication, your request will be closed."  45 C.F.R. §§ 5.51(b) and (e).  CDC's arbitrarily imposed deadline also conflicted with CDC's initial letter acknowledging Plaintiff's request, which stated that "Your appeal [of CDC's fee waiver denial] must be postmarked or electronically transmitted by Monday, January 6, 2020."  Exhibit B.

20.     On November 19, 2019 Plaintiff's counsel sent an email to CDC, stating that CDC's seven-day deadline was arbitrary, conflicting, and that Plaintiff would not be able to respond in such a short amount of time.

21.     The same day, a CDC official called Plaintiff's counsel, and discussed CDC's fee estimate.  The CDC official explained that the $5,958 fee agreement was not a hard-and-fast number, and that Plaintiff did not actually need to pay it at this time, but rather that a better estimate would be provided after an actual search — apparently different than a "preliminary search" — was conducted.

22.     Plaintiff's counsel explained that Plaintiff objected to Defendant's denial of Plaintiff's fee waiver, noted that Plaintiff is a is a nonprofit organization and is seeking records to inform the public about the workings of government.  Plaintiff's counsel explained why the records being sought are of significant public interest.  Finally, Plaintiff's counsel explained that Plaintiff qualifies as a member of the media, having previously used the FOIA process to obtain and disseminate information to the public through various news channels.

23.     In response, the CDC official asked for time for CDC to reconsider its position on denial of Plaintiff's fee waiver request.

24.     Later the same day, however, CDC replied via email stating that CDC would not waive fees, and stating "please proceed with your administrative remedy."

25.     On December 3, 2019, and in violation of 45 C.F.R. §§ 5.51(b) and (e), CDC sent a letter to Plaintiff stating that "we have administratively closed your request" because "the agency has not received additional information requested from you in our letter dated November 19, 2019."  Exhibit G.

26.     On January 3, 2020, Plaintiff submitted an administrative appeal to CDC.  *See* Exhibit H.  Plaintiff's appeal contained a detailed explanation and analysis as to why Plaintiff is entitled to a complete waiver of fees because the requested records are in the public interest.  Plaintiff's appeal also explained that Plantiff is entitled to a waiver of search and review fees as a member of the media, and requested reversal of CDC's administrative closure of Plaintiff's FOIA request.

27.     Pursuant to 45 C.F.R. § 5.63, Defendant was obligated to respond to Plaintiff's administrative appeal "within 20 working days after the appeal official designated in your appeal letter receives it."  *See also* 5 U.S.C. § 552(a)(6)(A)(ii).

28.     Defendant did not respond within 20 working days, or February 4, 2020.  As of the date of this filing, Defendant has not responded in any way to Plaintiff's administrative appeal.

29.     Since Defendant has failed to comply with the time limits set forth in 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii), Plaintiff is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

30.     As of the date of this filing, Plaintiff has received no substantive response from CDC with respect to its FOIA request.

31.     Plaintiff is a nonprofit organization seeking information with which to inform and educate the public about the workings of government.  Release of the records requested is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

32.     Plaintiff realleges paragraphs 1 through 31 as though fully set forth herein.

33.     Defendant has failed to make a determination regarding Plaintiff's October 3, 2019 FOIA request within the statutory time limit, or a determination regarding Plaintiff's January 3, 2020 administrative appeal within the statutory time limit, and is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

34.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiff's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiff's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated:  March 20, 2020

   /s/ Robert J. Olson_____
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
PUBLIC ADVOCATE OF THE U.S.